**Martha ALVARADO, et al., Plaintiffs,**

v.

**MEMPHIS–SHELBY COUNTY AIRPORT AUTHORITY, Larry D. Cox, Federal Aviation Administration, and James B. Busey, Administrator, Defendants.**

**No. 89–3001–4B.**

United States District Court, W.D. Tenn., W.D.

April 5, 1991.

William L. Gibbons, Goodman Glazer Greener Schneider, McQuiston & Kremer, Memphis, Tenn., for plaintiffs.

R. Gratton Brown, Jr., William R. Bradley, Jr., Glankler Brown Gilliland Chase Robinson & Raines, Memphis, Tenn., for defendants.

Nancy K. Stoner, Atty., U.S. Dept. of Justice, Environment & Natural Resources Div., Washington, D.C., W. Hickman Ewing, Jr., U.S. Atty. Robert M. Williams, Asst. U.S. Atty., Memphis, Tenn., for F.A.A. and James B. Busey.

## ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS

McRAE, Senior District Judge.

Plaintiffs own property within the area surrounding Memphis International Airport. They claim that the noise pollution generated by the Airport has resulted in damage to their persons and property. On

November 13, 1989, plaintiffs commenced this action against the Memphis–Shelby County Airport Authority and its president, Larry D. Cox, seeking equitable relief under the Noise Control Act of 1972, 42 U.S.C. § 4911, and damages under 42 U.S.C. § 1983 for deprivation of their rights secured under the fifth and fourteenth amendments to the United States Constitution.

On May 2, 1990, plaintiffs amended their complaint adding the Federal Aviation Administration ("FAA") and its administrator, James B. Busey, as defendants (hereinafter referred to as "federal defendants"). Plaintiffs seek equitable relief against the federal defendants under the citizen suit provision of the Noise Control Act, 42 U.S.C. § 4911(a)(2)(B).

Presently before the Court is the federal defendants' motion to dismiss. For the reasons stated herein, that motion is granted.

The Noise Control Act permits citizen suits against the Administrator of the FAA "where there is alleged a failure of such Administrator to perform any act or duty under section 1431 of Title 49 which is *not discretionary* with such Administrator." 49 U.S.C.App. § 1431 provides that the FAA "shall prescribe and amend such regulations as the FAA may find necessary to provide for the control and abatement of aircraft noise and sonic boom ..." Pursuant to this grant of authority, the FAA issued regulations governing airport noise compatibility planning. 14 C.F.R. § 150.1 *et seq.* Those regulations set forth the criteria airport operators must follow in submitting noise compatibility programs to the FAA. Upon approval of a proposed plan, the airport operator becomes eligible for federal funds to assist in implementation of the noise compatibility program.

The Airport Authority submitted a proposed noise compatibility program to the FAA in October of 1986. The plan was rejected by the FAA because it was not in compliance with the regulations. The Airport Authority submitted a revised plan in May of 1987 which was approved by the FAA in 1988. Plaintiffs allege that the amended plan is deficient and the FAA erred in approving it. Accordingly, plaintiffs request that this Court enjoin the FAA to require the Airport Authority to submit a more comprehensive plan.

The citizen suit provision of the Noise Control Act allows individuals to challenge non-discretionary duties of the FAA under 49 U.S.C.App. § 1431. Section 1431 requires the FAA to issue regulations for the control and abatement of aircraft noise. Plaintiffs do not contend that the FAA failed to promulgate such regulations. Instead, they challenge the FAA's approval of the Airport Authority's noise compatibility program.

The actions taken by the FAA in reviewing and approving noise compatibility programs pursuant 14 C.F.R. § 150 reflect determinations which are discretionary in nature. The Administrator must consider several criteria in deciding whether to approve a noise compatibility program. These factors include: (1) whether the program measures would create an undue burden on interstate or foreign commerce; (2) whether the program measures are reasonably consistent with achieving the goals of reducing existing non-compatible land uses around the airport; and (3) whether the program measures would prevent the introduction of additional non-compatible land uses. 14 C.F.R. § 150.35(b). These factors call for the exercise of judgment and expertise by the Administrator. Accordingly, the FAA's approval of noise compatibility programs can not be characterized as a non-discretionary function.

The Court concludes that plaintiffs' claim against the federal defendants is not within the scope of the citizen suit provision of the Noise Control Act. The federal defendants' motion to dismiss is therefore granted.

IT IS SO ORDERED.